[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this limited contested dissolution matter, the plaintiff seeks a dissolution of marriage and ancillary relief. The defendant has filed a cross complaint and seeks the same relief.
Both parties are represented by counsel and testified at the trial of this case. In entering its orders the Court is cognizant of, and considers the provisions of General Statutes §§ 46b-81 and46b-82.
The parties intermarried on January 3, 1970 in Wethersfield, Connecticut and have lived in Connecticut for at least twelve months next prior to the filing of this complaint. There are no minor children issue of the marriage — one child born to the parties is now 24 years of age.
There is no disagreement that the marriage has broken down irretrievably and the Court orders its dissolution on said grounds. CT Page 5389
The parties separated in April 1993 after the husband, believing the wife was having an affair, called her at work and demanded she come home. When she did, he beat her severely (Exhibit 1) and physically threw her out of the house. She was seen by a police officer who took her to the hospital. In addition to the obvious bruises to her face and body, she sustained a broken nose in that beating. To the extent the husband claims the beating was explainable by any affair, that claim is unavailing. The marriage was marked throughout by the husband's alcohol abuse, jealousy, accusations of infidelity, threats and physical abuse. At one time he questioned that he was the father of the child they had, although he no longer makes this claim. In short there was a history of abuse during the course of this marriage and that cannot be rationalized or justified.
Other findings will be discussed as needed to explain the monetary and property orders:
Alimony:
The husband, age 44, is a truck driver for Consolidated Freightways and has a net weekly salary of $500.00. (His financial affidavit improperly deducts stock, bonds and credit union deductions). He has a pension through his employment and has some $7000 in Consolidated Freightways stock. He earns $17.68 per hour a housewife for about thirteen years of the marriage — until 1982. She nets $260 per week, and gets no benefits, (no medical insurance, no pension, no vacation, no sick time). She presently resides with her mother and has not been receiving alimony pendente lite.
Considering the length of the marriage, the ages, health, occupation, skills, earning capacity and reasons for the breakdown, the Court determines that the husband shall pay periodic alimony in the amount of $125.00 per week for twelve (12) years. Said alimony shall terminate on the death of either party and may be modifiable (or terminated) on the remarriage or statutory cohabitation of the defendant
Real Estate:
The parties own jointly a residence located at 67 Twin Hills, Coventry. The property has a fair market value of $90,000 and is subject to mortgages of approximately $62,700. CT Page 5390
The wife shall quit claim all of her right, title and interest in said residence to the husband. The husband shall pay the wife $17,000 in settlement of her interest in real and personal property within sixty days. If said sum is not paid within sixty days the wife shall be entitled to interest at 6% per annum thereafter. If said sum is not paid within sixty days, the property shall be placed with a real estate agent for sale and the wife shall be entitled to the sum of $17,000 plus accrued interest until the date of sale.
Pension:
The wife shall be entitled to 50% of the present value of the husband's pension by way of Qualified Domestic Relations Order. The plaintiff shall prepare any QDRO documents necessary to effectuate this order.
Counsel Fees:
Each party shall be responsible for his or her own counsel fees.
Personal Property:
The wife shall have a one time access to the residence upon reasonable notice to the husband, for the purpose of obtaining any of her property stored in the cellar. She shall be accompanied by a police officer during said visit and if this is not accomplished within sixty days the husband shall have ownership of said personal property.
Stock
The husband shall transfer one-half of his stock holdings in Consolidated Freight to the wife.
Insurance:
The husband shall make medical insurance available to the wife under the provisions of COBRA, at her option and at her expense.
Other:
The wife's maiden name is ordered restored. CT Page 5391
Klaczak, J.